*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0066**

Robert Earl Pittman, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed August 25, 2014
Affirmed
Worke, Judge**

Martin County District Court
File No. 46-CR-09-1318

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica Surges Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Terry Viesselman, Martin County Attorney, Michael D. Trushenski, Assistant County Attorney, Fairmont, Minnesota (for respondent)

        Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the district court's denial of his motion to withdraw his guilty plea, arguing that the factual basis was established by leading questions and was insufficient to support his first-degree-assault conviction. We affirm.

## DECISION

On July 25, 2011, appellant Robert Earl Pittman, Jr. pleaded guilty to first-degree assault (great bodily harm) and the state dismissed counts of third-degree assault, and malicious punishment of a child. The state agreed to not seek an aggravated sentence, and the district court sentenced Pittman to the presumptive sentence of 98 months in prison.

On August 21, 2013, Pittman filed a petition for postconviction relief, seeking to withdraw his guilty plea. The district court denied Pittman's motion. When reviewing a district court's denial of a petition for postconviction relief, this court reviews issues of law de novo and issues of fact for sufficiency of the evidence. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). The validity of a guilty plea is an issue of law, which we review de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

Once a guilty plea is entered a defendant has no absolute right to withdraw it. *Perkins v. State*, 559 N.W.2d 678, 685 (Minn. 1997). In a postconviction petition, a petitioner must allege and prove that plea withdrawal is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1 (stating that district court must permit withdrawal of a guilty plea when it "is necessary to correct a manifest injustice"). A

manifest injustice occurs if a guilty plea is invalid. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A guilty plea is invalid if it is not voluntary, accurate, and intelligent. *Perkins*, 559 N.W.2d at 688.

Pittman argues that the facts elicited at the plea hearing were based on leading questions and did not establish the elements of first-degree assault, and therefore, his plea was not accurate. The accuracy requirement serves to protect defendants from pleading guilty to crimes that are more serious than the crimes they could be convicted of at trial. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). "A proper factual basis must be established for a guilty plea to be accurate." *Theis*, 742 N.W.2d at 647 (quotation omitted). This requirement is met when the record contains sufficient evidence that "would support a jury verdict" that the defendant "is guilty of at least as great a crime as that to which he pled guilty." *Lussier*, 821 N.W.2d at 588-89 (quotation omitted). But when the defendant makes a statement on the record that negates an essential element of a charge, the factual basis is inadequate and the plea is invalid. *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003). The defendant bears the burden to show his plea was inaccurate. *Raleigh*, 778 N.W.2d at 94.

Although there is no required method to put the facts on the record, district courts should be wary of establishing a factual basis by leading questions from counsel. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). The preferred method to ensure a plea's accuracy is to have the defendant explain the event in his own words. *Id.* However, as noted in *Raleigh*, a factual basis may be sufficient even when the procedure used is the "disfavored format" of leading questions. 778 N.W.2d at 96.

3

Here, after acknowledging his rights and waiving them, Pittman provided a factual basis for his plea with the prosecutor.

> Q: Mr. Pittman, back on November 20, 2009, in Fairmont, Martin County, Minnesota, you were temporarily taking care of a small child named [C.T.][1]; is that right?
> A: Yes, sir.
> Q: And the child's date of birth was April 10, 2009?
> A: Yes.
> Q: And during the course of the time that you were taking care of that child, you picked up the child in a manner that caused the child harm; is that right?
> A: Yes, sir.
> Q: [Y]ou indicated to the police back then you picked up the child, grabbed too fast and set the child down too fast?
> A: Yes, sir.
> Q: And you understand that as a result of the manner in which you did that, the child suffered severe injury?
> A: Yes, sir.
> Q: He had some head injury and some brain damage; you understand that?
> A: Yes, sir.
> Q: And you're pleading guilty today to take the benefit of the plea bargain agreement and you understand that if you went to trial there was sufficient evidence to convict you of an assault in the first degree charge?
> A: Yes, sir.

Pittman also acknowledged that the child's injuries are permanent. Although Pittman was asked leading questions, the factual basis sufficiently establishes the accuracy of Pittman's plea. *See id.* at 94 (stating that a petitioner may not withdraw a plea "simply because the [district] court failed to elicit proper responses if the record contains sufficient evidence to support the conviction"). Pittman agreed that he "picked

---

[1] At the time, C.T. was Pittman's seven-month-old step-son.

4

up the child, grabbed too fast and set the child down too fast," causing the baby severe injury—"brain damage." This record supports that the factual basis for Pittman's guilty plea was accurate despite the use of leading questions.[2]

Pittman argues that he never admitted to "possessing the requisite intent to commit first-degree assault." A person who "assaults another and inflicts great bodily harm" is guilty of first-degree assault. Minn. Stat. § 609.221, subd. 1 (2008). In *State v. Fleck*, the supreme court held that an assault-harm offense is a general-intent crime. 810 N.W.2d 303, 309-10 (Minn. 2012). Our supreme court stated:

> The forbidden conduct is a physical act, which results in bodily harm upon another. Although the definition of assault-harm requires the State to prove that the defendant intended to do the physical act, nothing in the definition requires proof that the defendant meant to violate the law or cause a particular result.

*Id.* at 309.

Pittman's physical acts of "pick[ing] up the child, grabb[ing] too fast and set[ting] the child down too fast," resulted in bodily harm to the baby. Pittman's physical acts were the "forbidden conduct," regardless of his intent. Because the state did not need to establish that Pittman meant to cause the baby severe injury, the factual basis for his

---

[2] The facts underlying this case were well substantiated. The child suffered egregious injury and substantial bodily harm as a result of Pittman's actions. We urge the district courts to ensure that a defendant affirmatively acknowledges sufficient detail in the facts supporting a plea to avoid later claims, such as here, when an appellant seeks to withdraw his plea.

guilty plea was accurate. The district court did not err in denying Pittman's postconviction petition to withdraw his guilty plea.

**Affirmed.**